ADELLA E. MUNN, Respondent, *v.* MASONIC LIFE ASSOCIATION OF WESTERN NEW YORK, Appellant.

LIFE INSURANCE — LIMITATION OF TIME AS TO ACTION UPON POLICY. Where a contract of life insurance provides that the liability of the company shall not mature "until ninety days from the date of receipt of satisfactory proofs of death," and that an action to enforce it must be commenced within six months from the date of the disallowance of a claim, the time within which to commence the action does not begin to run until the rejection of the claim upon the proofs presented by the beneficiary, and it is not a defense to an action commenced within six months after such rejection that the claim was rejected before the presentation of the formal proofs, and that the action was not commenced within six months thereafter.

*Munn* v. *Masonic Life Assn.*, 115 App. Div. 855, affirmed.

(Argued October 31, 1907: decided November 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 19, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harry D. Williams* for appellant. The trial court erred in refusing to submit to the jury the question of the time at which plaintiff's claim was disallowed, as bearing on the defense of the short limitation contained in the by-laws. (*Butler* v. *Supreme Council*, 105 App. Div. 164; 186 N. Y. 2.) Defendant was not obliged to wait until presentation of formal proofs of death before rejecting plaintiff's claim, and the short limitation provided by the by-laws commenced to run upon the disallowance in March, 1901, after which plaintiff was in a position to commence action against defendant. (*Meagher* v. *Life Union*, 65 Hun, 354; *D. I. Co.* v. *Kerr*, 129 Fed. Rep. 723; *Steen* v. *N. F. Ins. Co.*, 89 N. Y. 315; *N., etc., Co.* v. *W., etc., Ins. Co.*, 10 Fed. Cas. 363; *G. Ins. Co.* v. *Gibson*, 53 Ark. 494; *C. Ins. Co.* v. *Gracey*, 15 Col. 70; *Merritt* v. *C. S. L. Ins. Co.*, 55 Ga. 103; *A. Ins. Co.* v. *Maguire*, 51 Ill. 342; *P. Ins. Co.* v. *Weeks*, 45 Kan. 751; *Whitten* v. *N. E. Ins. Co.*, 165 Mass. 343; *Hand* v. *N., etc., Ins. Co.*, 57 Minn. 519; *Massele* v. *P., etc., Ins. Co.*, 35 Atl. Rep. 209.)

*Moses Shire* and *Vernon Cole* for respondent.

GRAY, J. The plaintiff sued the defendant in order to recover the amount due upon a certificate, or policy, of life insurance, issued by the latter to the former's husband and payable to her as beneficiary. Two defenses were interposed. In the first place, it was answered that the membership of the assured had lapsed, by reason of his failure to pay a certain monthly assessment, and that he had not been re-instated. In

the second place, it was answered that this action was not commenced within six months from the date of the disallowance by the defendant of the plaintiff's claim, as was required by the contract of insurance. The plaintiff recovered a verdict for the amount of her claim and the judgment thereupon entered was affirmed by the Appellate Division, by the unanimous vote of the justices. The first question raised by the defendant has been conclusively settled by the disposition made below of the case. Whether the defendant had waived the default of the deceased in failing to make due payment of the particular monthly assessment and had restored him to membership, as the plaintiff contended, the trial judge submitted to the jurors for their determination upon the evidence. It was purely a question of fact and has passed beyond our consideration.

The second defense to the action, that the claim was barred by the limitation of time fixed by the by-law for the commencement of an action, was held by the trial court to be untenable ; inasmuch as it appeared that the action was commenced before the expiration of the six months allowed by the by-law, when reckoned from the time of the rejection of the claim upon the proofs of death presented. The language of the by law is that " action to recover payment on account of death or disability claims disputed by the association must be commenced within six months from the date of disallowance of claim." In the same article of the by-laws, in which the foregoing limitation is contained, it is provided that the sum to be paid to the beneficiary of a deceased member " shall become due and payable ninety days from the date of receipt of satisfactory proofs of death." The defendant-appellant contends that it was not obliged to await the presentation of formal proofs of death before rejecting the plaintiff's claim and, therefore, that it was error for the trial court to refuse to submit to the jury the question of the time at which the plaintiff's claim was disallowed. The argument is that there was evidence tending to show that, before the filing of proofs of death and the formal action taken by the defendant there-

upon, the plaintiff's claim upon the policy had been "specifically refused and denied" and that more than seven months had elapsed thereafter before the commencement of this action. The assured died in February, 1901. Formal proofs of death were filed in June, following, and in July the defendant's secretary communicated by letter to the plaintiff the statement that the board of management had denied her claim for the insurance moneys. This action was commenced in November, some four months thereafter.

The ruling of the trial court that the action had been commenced within the period fixed by the by-law was correct. To hold otherwise would be to ignore the agreement of the parties. The by-laws entered into the contract of insurance and they provided that the liability of the defendant to pay the amount of the insurance should not mature until " ninety days from the date of receipt of satisfactory proofs of death." Such proofs must, of course, consist in some substantial written form and must be served upon the defendant. Prior to the expiration of the ninety days, no action upon the policy could be maintained without exposing the plaintiff to the objection that it was prematurely brought. If, as contended for by the defendant, the rejection of the claim was, actually, in March, the six months' limitation would have expired before the expiration of ninety days from the disallowance of the claim upon the proofs. The time within which to commence an action against the defendant could not begin to run, until it had acted in rejection of the plaintiff's claim upon the proofs presented by her.

The obligations imposed by the contract, in the respects we are considering, were, on the part of the beneficiary, to furnish satisfactory proofs as to the death of the assured, which the law would require to be done within a reasonable time, and to commence an action, upon a rejection of the claim for the insurance moneys, within six months thereafter, and, on the part of the association, either, to notify the claimant of the disallowance of the claim, when made upon the proofs, or to pay the same within ninety days after receipt of the claim.

The plaintiff complied with her obligation and there is no question but that the proofs were filed by her within a reasonable time. She was notified of the refusal to allow her claim and, then, properly commenced her action within six months.

In view of the facts of the case, it becomes quite unnecessary to consider the question whether the amendment of the by-laws providing for a short statute of limitations, made after the deceased had become a member of the association, was valid and binding. The consideration of such a question would turn upon the effect upon the contractual relation of the member of his re-instatement after default in payment of his assessment. A by-law forfeited membership in such an event, but empowered the board of directors " to restore the delinquent member " upon his complying with certain specified conditions.

For the reasons given, I advise the affirmance of the judgment, with costs.

CULLEN, Ch. J., O'BRIEN, VANN, WERNER, WILLARD BART-LETT and CHASE, JJ., concur.

Judgment affirmed.